# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY PLUMLEY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 10-cv-4295 |
| | : | |
| S&D MARKETING INC. and | : | |
| ANSWERNET and ANSWERNET, INC. | : | |
| Defendants. | : | |

## MEMORANDUM ON RULE 12 MOTION TO DISMISS

Plaintiff, Tracy Plumley ("Plaintiff"), brings this employment discrimination action against Defendants S & D Marketing Inc. ("S&D"), Answernet, and Answernet, Inc. for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"); 42 U.S.C. § 1981; and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 et seq. ("PHRA"). Am. Compl., Dec. 20, 2010, ECF No. 2. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint on the basis that it was filed more than 90 days after Plaintiff's receipt of the Notice of Right to Sue Letter. Mot. to Partially Dismiss, Jan. 21, 2011, ECF No. 13. The immediate issue is whether Plaintiff's addition of Answernet, Inc. to the Amended Complaint is timely. This depends on whether the addition of Answernet, Inc. relates back to an entity named in the Initial Complaint.[1] For the following reasons, this Court

---

[1] Plaintiff does not oppose Answernet's dismissal from the suit. See Plaintiff's Memorandum of Law in Support of Plaintiff's Response 2 n.1, June 2, 2011, ECF No. 19. Plaintiff has now conceded that both Answernet Network, named in the Initial Complaint, and Answernet, named in the Amended Complaint, are brand names that are not capable of being sued. Am. Compl. 3 n.4; see Schiavone v. Fortune, 477 U.S. 23, 23 n.3 (1986) (holding that an unincorporated entity that exists merely to identify a group of related companies, but is not itself a legal entity recognized by law, does not have the capacity to be sued as distinct entity).

concludes that Plaintiff's Amended Complaint relates back and thus Answernet, Inc.'s Motion to Dismiss will be denied.

I. **Factual and Procedural Background**

The relevant facts, construed in the light most favorable to the Plaintiff, are set forth below. Plaintiff alleges that in November 2007 she was hired by S&D and Answernet, Inc. and was subsequently terminated in June 2008. Am. Compl. 18-19, 24. Shortly thereafter, Plaintiff retained legal counsel who attempted to negotiate with Defendants about her termination. Resp. 2-3, Feb. 25, 2011, ECF No. 15. These negotiations took place during October 2008, prior to Plaintiff's filing an administrative charge, and were primarily in the form of correspondence with Betty Ann Babjak ("Ms. Babjak"), counsel for Defendants. Resp. 3.

On June 2, 2010, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, and Plaintiff filed her first Complaint. Am. Compl. 5; ECF No. 1. Plaintiff's original Complaint, filed on August 24, 2010, incorrectly named Defendant Answernet Network. Compl. 1, Aug. 24, 2010, ECF. No. 1. Plaintiff sought to correct this error by adding Answernet, alleged to be a group of several interconnected companies, Mot. to Dismiss 5, and the corporation Answernet, Inc. in her Amended Complaint filed on Dec. 20, 2010. Am. Compl. 1.

On Jan. 21, 2011, Answernet, Inc. filed a Motion to Dismiss Plaintiff's Amended Complaint, attaching an Affidavit of Ms. Babjak ("Babjak Affidavit No. 1"). ECF No. 13; Babjak Aff. No. 1, Ex. A. On Feb. 25, 2011, Plaintiff filed a Response to Defendants' Partial Motion to Dismiss. ECF No. 15. Answernet, Inc. filed a Reply on Mar. 4, 2011, attaching a second Affidavit of Ms. Babjak ("Babjak Affidavit No. 2"). Reply, Mar. 4, 2011, ECF No. 16;

Babjak Aff. No. 2., Ex. A.

## II. The Parties' Contentions

Answernet, Inc. moves to dismiss Count I of the Amended Complaint on the grounds that Plaintiff failed to timely file her Title VII claim against Answernet, Inc. within ninety days of receiving her Right to Sue Letter. Mot. to Dismiss 7-8.

Plaintiff contends in her response that the claims against Answernet, Inc. properly relate back to the filing of the Initial Complaint, pursuant to Fed. R. Civ. P. 15(c)(1)(C). Resp. 4-5. Plaintiff asserts that notice of the action may be imputed to Answernet, Inc. because Answernet, Inc. shared counsel with Defendants named in the original Complaint. Resp. 3-4.

Answernet, Inc.'s Reply does not dispute that S&D and Answernet, Inc. shared counsel, but contends that, because S&D and Answernet, Inc. are distinct legal entities, Answernet, Inc. did not know and should not have known that it would have been named as a party to this action. Reply 1-2.

## III. Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000(e)-5(f)(3). The Court has supplemental jurisdiction over Plaintiff's PHRA claim pursuant to 28 U.S.C. § 1367.

## IV. Standard of Review

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the

plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To state a valid complaint, a plaintiff must provide sufficient factual allegations to "satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007).

Proposed claims that cannot withstand a motion to dismiss on statute of limitations grounds are futile.  Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003) (citing Riley v. Taylor, 62 F.3d 86, 92 (3d Cir. 1995)).  To avoid futility, an amendment either must be filed within the limitations period or "relate back" to the original complaint by "assert[ing] a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B).  An amendment that arises from the same conduct as that alleged in the original complaint, usually "relates back" to the complaint.  Bensel v. Allied Pilots Ass'n., 387 F.3d 298, 310 (3d Cir. 2004).

**V.    Discussion**

    **A.    Relation Back**

Federal Rule of Civil Procedure 15(c) governs the relation back of a complaint adding new parties.  The Third Circuit has explained that the rule requires that three conditions be met in order for an amended complaint seeking to substitute newly named defendants to relate back to the original complaint for statute of limitations purposes.  Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186, 194 (3d Cir. 2003).  These conditions are: (1) that the claim against the newly named defendants arose out of the same conduct, transaction, or occurrence set forth in

the original complaint,[2] (2) that within the 120-day period for service of the summons and complaint, the newly named party have received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (3) that within that same time period, the newly named party must have known, or should have known, that "but for a mistake," he or she would have been named as a defendant in the first place. See id.

### 1a. Notice: The "Shared Attorney" Method

To meet the second requirement for relation back, Answernet, Inc. must have received notice of Plaintiff's action within 120 days of the filing of the original Complaint. The notice required by Rule 15(c) can be actual or constructive. Where a plaintiff chooses to rely on constructive notice to satisfy the requirements of 15(c)(3), she can demonstrate such notice through the shared attorney method. Id. at 196-200. The shared attorney method of imputing Rule 15(c)(3) notice is based on the notion that, when an originally named party and the party who is sought to be added share the same counsel, the counsel is likely to have communicated to the latter party that it may be joined in the action. Id. at 196-97 Under Singletary, the "fundamental issue is whether the attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant." Id.

Notice of this action may be imputed to Answernet, Inc. because Answernet, Inc. shared the same attorney as S&D and Answernet Network at the time Plaintiff filed her Initial Complaint. Am. Compl. 3 n.2. Ms. Babjak's correspondence with Plaintiff on Answernet

---

[2] Plaintiff has satisfied this threshold requirement for relief under Rule 15(c) as the amendment re-asserts the identical claims of the original pleading. See Compl. 3-9; Am. Compl. 2-9.

Network letterhead prior to Plaintiff's filing of the administrative charge, and her acceptance of service of the Amended Complaint, allow a strong inference that Defendants S&D, Answernet Network and Answernet, Inc. share counsel, a fact that neither Ms. Babjak nor Answernet, Inc. dispute. See Am. Compl. 3; Resp., Aff. of Service, Ex. A, at 2. Furthermore, Ms. Babjak negotiated with Plaintiff before the filing of her Initial Complaint against Answernet Network. The fact that all named Defendants shared counsel at the time of the Initial Complaint and the fact that Ms. Babjak played an early role in negotiations with Plaintiff both give rise to the inference that Answernet, Inc. had constructive notice within the 120-day time period. Therefore, this Court concludes that notice of Plaintiff's action may be imputed to Answernet, Inc. through the shared attorney method.

The two Affidavits filed by Ms. Babjak in support of Answernet, Inc's Motion to Dimiss do not supply the identity of the proper party to the suit, nor address the fact that all Defendants named by the Plaintiff share counsel. The first Affidavit filed by Ms. Babjak states that Answernet is not a corporation or legal business entity, but is a brand name used to describe a group of companies providing similar services. Babjak Aff. No. 1.

Ms. Babjak's second Affidavit states that Answernet, Inc. is a separate and distinct legal entity from S&D, that Answernet, Inc. is not a parent or subsidiary of S&D, and that Plaintiff was not an employee of Answernet, Inc. Babjak Aff. No. 2. Neither Affidavit submitted by Ms. Babjak disclaims (1) that she is counsel for Defendants named in both the Initial and Amended Complaints or (2) that either she or Answernet, Inc. had knowledge of the action within the relevant time period. See Babjak Aff. No. 1; Babjak Aff. No. 2. Ms. Babjak's avoidance of these issues in her Affidavits allows the Court to infer that both she and Answernet, Inc. knew that

Plaintiff sought to name Answernet, Inc. as a party. Therefore, Babjak Affidavit No. 2 does not address the issue of notice or the issue of mistake. Neither the fact that Answernet, Inc. is a separate legal entity from S&D, nor the fact that Plumley was not an employee of Answernet, Inc. speaks to whether Answernet, Inc. was on constructive notice of the action and therefore knew or should have known that Plaintiff sought to name it as a party.

Answernet, Inc. asserts in its Reply that notice may not be imputed to Answernet, Inc. solely on the basis that S&D and Answernet, Inc. share counsel. Answernet, Inc. contends that, because it was not involved in the actions and occurrences allegedly underlying Plaintiff's claim, Ms. Babjak would have had no reason to conclude that Answernet, Inc. would be joined in this suit, and therefore no reason to communicate that possibility to Answernet, Inc. Reply 2-3. This assertion ignores the fact that, after Plaintiff filed her Initial Complaint, Ms. Babjak corresponded with Plaintiff's counsel on Answernet Network letterhead advising Plaintiff that S&D was no longer in business and Answernet Network was not a legal entity. The Court infers that Ms. Babjak, as an attorney would have known that, but for Plaintiff's mistake regarding Answernet, Inc.'s proper name, Answernet, Inc. would be joined in the action. As a result, this Court concludes that Answernet, Inc. received constructive notice of this action within 120 days of the filing of the original Complaint.

### 1b. <u>Absence of Prejudice</u>

The prejudice inquiry of Rule 15(c)(3) asks whether a newly named defendant is "one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1014-15 (3d Cir. 1995). Here, the Plaintiff's Amended Complaint alleges injuries

arising from the same incident, her termination, as described in her original Complaint. See Compl. 3-9; Am. Compl. 2-9. Because Plaintiff's claims in the Amended Complaint are identical to the claims in her original Complaint, the Court will infer that Plaintiff's evidence relevant to these claims is similar for both Answernet, Inc. and the original Defendants. Additionally, because the Court infers Answernet, Inc. shares counsel with the originally named Defendants, Answernet, Inc.'s counsel had access to all evidence regarding the allegations in the Amended Complaint in a timely fashion. Am. Compl. 3 n.2. Thus, because there is no indication that Answernet, Inc. has been prejudiced in assembling evidence or in maintaining a defense on the merits, this Court concludes that Plaintiff has satisfied the prejudice inquiry.

### 2. <u>Mistake</u>

To meet the final requirement of relation back, Plaintiff must show that, within 120 days of the filing of the original Complaint, Answernet, Inc. knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. <u>Singletary</u>, 266 F.3d at 194. As noted above, Answernet, Inc. received notice of the action within 120 days of the filing of Plaintiff's original Complaint. Aff. of Service, Ex. A, at 2. Plaintiff's original Complaint identified Answernet Network and S&D as the parties responsible for her injuries. Compl. 1. According to Plaintiff, despite requests from Plaintiff's counsel, Ms. Babjak contributed to the confusion regarding the identity of Answernet, Inc. by failing to clearly identify her client's proper name. Resp. 3. Ms. Babjak's early acknowledgment that Answernet Network was not a legal entity and therefore not a proper party, suggests that Answernet, Inc. knew or should have known that, "but for a mistake," it would have been named as a defendant in the original Complaint. <u>Singletary</u>, 266 F.3d at 194. Therefore, this Court concludes that

Plaintiff's Amended Complaint satisfies the mistake requirement for relation back under Rule 15(c)(3).

## VI. Conclusion

Based on the foregoing reasons, Defendant Answernet, Inc.'s Motion to Dismiss will be denied and Defendant Answernet's Motion will be granted.